UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Judge Erik P. Kimball

In Re:

Case No. 09-27680-BKC-EPK

DOMINICK F. SAMMARONE,
Debtor.

____________________________________

MOTION TO REOPEN CHAPTER 7 CASE TO HEAR MOTION TO SHORTEN PREJUDICE PERIOD FILED BY DEBTOR (94) MOTION TO SHORTEN PREJUDICE PERIOD ... (96)

July 8, 2010

The above entitled cause came on for hearing before the HONORABLE ERIK P. KIMBALL, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Drive, West Palm Beach, Palm Beach County, Florida, on July 8, 2010, commencing on or about 10:30 a.m., and the following proceedings were had:

Reported by: Jacquelyn Ann Jones, Court Reporter

APPEARANCES:

SHAPIRO BLASH WASSERMAN & GORA, P.A.
By: DAVID LLOYD MERRILL, ESQUIRE
On behalf Spirit Investments, Inc.
(Appearing telephonically)

RUDEN MCCLOSKY
By: MICHAEL R. BAKST, ESQUIRE
Chapter 7 Trustee

LAW OFFICE OF JOHN J. ANASTASIO
By: JOHN J. ANASTASIO, ESQUIRE
On behalf of the Debtor

THE COURT: Dominick F. Sammarone.

MR. ANASTASIO: John Anastasio for the debtor.

MR. MERRILL: David Merrill representing Spirit Investments, Inc.

THE COURT: Is that Mr. Merrill on the phone?

MR. MERRILL: Yes, Your Honor.

THE COURT: Just to make sure. I didn't hear your full name when you spoke earlier.

MR. MERRILL: Sorry. David Merrill representing Spirit Investments, Inc.

THE COURT: Yes, Mr. Bakst.

MR. BAKST: I'm the trustee, Michael Bakst.

THE COURT: Mr. Bakst is here as well.

This is a motion to reopen the Chapter 7 case and to shorten the prejudice period, correct?

MR. ANASTASIO: Yes, Judge. We're looking for a reduction for 180 days to 150 days.

Brief history on the case. It was filed pro se, Chapter 13. There was in excess of $325,000 in secured debt.

We came to an agreement as to an automatic stay for Mr. Merrill's clients. And there was some

money exchanged and the State Court appeal was to be dismissed.

We then moved to convert. There was a slight snafu and paperwork didn't get in time to the Chapter 13 trustee, so an order of dismissal was entered. That was under document 63.

The order was vacated based upon that error by the trustee on January 4th, 2010. That was document 70.

Later, because of a snafu at my end in terms of getting an actual signed form LF11 for the form 22B to be filed, the case was again dismissed. The problem with that was it bumped back the prejudice period we had originally had.

So we're asking either one, that the Court shorten the prejudice period by 30 days, or number two, that you vacate the order of dismissal document 88, and the order vacating the first dismissal, document 70, which would then allow us to file at the present time.

Mr. Merrill represents Spirit Investments who have a number of mortgages with the debtor. He may have some concerns about this may then was another period in which to have to apply for an automatic stay. There's a sale on the properties on for July

28th. If the Court or Mr. Merrill deems it necessary, we can stipulate to a waiver of the automatic stay for any new filing in regard to his clients, and that may address his concerns one way or another.

We do have some issues involved with that that are probably going to have to be litigated. I think my client was being charged 27 or 28 percent interest, and going into that it certainly raises a number of issues --

THE COURT: Litigated in the foreclosure? You don't mean here, I assume.

MR. ANASTASIO: Well, it was never raised below, I do not believe it's a mandatory counterclaim, and it may very well be an adversary proceeding.

If Mr. Sammarone doesn't waive his homestead, then there may be an issue there where he is entitled to some moneys. If he does waive the homestead, then there may be money for the trustee for distribution to other creditors, including people who have seconds on these.

So we are not simply dealing with Mr. Sammarone's interest, but we are dealing with creditor interest and possibly the trustee's interest, depending upon what's resolved on the issue of interest payments and so forth.

THE COURT: Mr. Bakst.

MR. BAKST: Your Honor, I think that for the Court to shorten a prejudice period there needs to be some reasonable basis, some argument made for that.

It appears that perhaps the debtor could have sought relief from the last order of dismissal if it was, you know, purely just a clerical error, that if they had filed a motion back then, then perhaps that order vacating -- an order vacating the dismissal could have been entered and the debtor would be in bankruptcy. I don't understand why nothing was done then and they're now seeking to shorten the prejudice period on the eve of a foreclosure sale.

I understand counsel is saying they'll waive the automatic stay as relates to that. I'm not certain that they can particularly do that in an order that shortens the prejudice period because there's other entities that have rights that are affected by the automatic stay, if it even applies to a second bankruptcy filing, then you have the old issue as far you have the 30 day period. So I don't know that there's been an argument presented as to cause.

MR. ANASTASIO: Harry Truman said the buck stops here. The purpose of the prejudice period is to prevent debtor abuse. That wasn't in this case.

Counsel screwed up. He's standing before you.

It's a general proposition under law that except in extreme circumstances errors or oversights or delay by an attorney shouldn't be visited upon his client. But that's the --

THE COURT: Right. But Mr. Bakst asked the question, I think appropriate question, why so long, why wait?

MR. ANASTASIO: I didn't realize that we would be coming up on the foreclosure sale and other issues raising at that point --

THE COURT: Is the foreclosure sale someone other than Mr. Merrill's client?

MR. ANASTASIO: You mean -- well, the foreclosure sale also impacts other creditors. We have second mortgages involved.

THE COURT: One of the things that you requested was to vacate the order of dismissal, which would mean the case would still exist and all the prior orders granting motions for relief from stay would be outstanding. Is that correct, Mr. Bakst, have I missed something in the history of the case?

MR. BAKST: No, I believe that's correct. I don't have the whole history here.

THE COURT: But if that were the case, then

how would that impact the foreclosure sales to take place in a couple of weeks?

MR. ANASTASIO: Well, we have three orders. One was the initial one that the trustee had moved on erroneously. Then we have the order that vacated that dismissal. And then we have a second order of dismissal.

If you vacate both the second order of dismissal --

THE COURT: Didn't you also simply ask that the Court vacate the most recent order of dismissal?

MR. ANASTASIO: Yes. That would then leave the first order of dismissal, which would --

THE COURT: Was vacated. So the case would be open. Am I missing something?

MR. ANASTASIO: Well, if you vacated one order of dismissal, you would still have the prior order of dismissal in effect, and so --

THE COURT: And wasn't that one --

MR. ANASTASIO: -- what we're looking for is to have the first order of dismissal effective.

THE COURT: Why?

MR. ANASTASIO: To calculate --

THE COURT: Okay. I understand the argument about calculating the prejudice period, but the case

was dismissed, and then it was reinstated.

MR. ANASTASIO: Yes.

THE COURT: And then the case was dismissed again.

MR. ANASTASIO: Yes.

THE COURT: So if I vacate the most recent order of dismissal, doesn't that mean the case is in existence?

MR. ANASTASIO: No. You would have both the order document 88 and the order document 70, both vacated, and that would leave you with the original order of dismissal, and then there's no prejudice period time that we have from our end.

THE COURT: I guess I need to ask the question a different way. If I vacate only the most recent order dismissing the case, doesn't that mean the case now exists?

MR. ANASTASIO: No. I was asking for to vacate the most recent order of dismissal, plus the order granting vacating the first dismissal. That would then leave the case in the status that there's only the first order of dismissal that exists in the case, and then the prejudice period be calculated from that.

THE COURT: What's the benefit of doing that

over the facts that were hypothetically stated in the question that I asked?

MR. ANASTASIO: Because at this point then if we went on the first order of dismissal the prejudice period would be over three days --

THE COURT: Okay. I think you're misunderstanding. Maybe I'm not understanding what the facts are.

But let's ignore the original motion to dismiss, the order dismissing the case, then the order vacating that order, because that means it didn't happen. So we had a case which was recently dismissed, May I think, maybe I'm wrong about the date, if I were to undo the recent dismissal, then the case is back, it's here pending in the court.

MR. ANASTASIO: Yes.

THE COURT: All of the prior orders entered in that case, with the exception of the dismissal and the order vacating it are in effect.

MR. ANASTASIO: And that's certainly an option also.

THE COURT: And the reason I'm asking this question is --

MR. ANASTASIO: Maybe I over complicated asking for two orders of vacating, I'm sorry.

THE COURT: Then that would require you to file a new petition. But what I'm trying to get at is, that would leave the orders with regard to Mr. Merrill's client in effect.

MR. ANASTASIO: Yes.

THE COURT: Now, the primary purpose for filing the new case that you had asked to file, wasn't that to deal with exactly the foreclosure that is upcoming that --

MR. ANASTASIO: Part of it, yes. But we also have other creditor issues, and also this particular forum, given where we've ultimately litigated the liability through the stay relief I think would probably be most appropriate in addressing the financial issues on the interest claim that we would have, which would either inure to my client and/or to the trustee.

THE COURT: Well, how is that? I mean, if you agreed to relief from stay to Mr. Merrill's client, how is the interest even relevant? It goes off to the State Court, either someone bids or the creditor bids, but are you suggesting they can't include it in their State Court judgment? I don't think I've ever ruled on it as far as I know.

MR. ANASTASIO: I'm sorry, include what?

THE COURT: You're talking about interest accruing on the claim of the secured creditor.

MR. ANASTASIO: Yes. Well, in terms of the foreclosure -- again, then they're going to have to get a deficiency judgment. We've haven't gotten to the stage of a deficiency judgment yet, Judge. We've only gotten to, I guess three weeks from now the sale of the property. Only after that occurs do we end up calculating interest and so forth.

THE COURT: But why would that not be the trustee's concern at that point? This is a Chapter 7 case. I'm trying to figure out what their benefit is at this point, if it's not the foreclosure.

MR. ANASTASIO: Well, the things that we might very well -- if we promptly file our petition, promptly file our adversary proceeding dealing with the interest issue, we may be able to resolve at least the residence of Mr. Sammarone without sale of the property --

THE COURT: And the residence is something that Mr. Merrill's client has a scheduled foreclosure on.

MR. ANASTASIO: Well, that and several rental properties which we're not terribly worried about, to the homestead property.

THE COURT: But let's go back to that. I had granted relief from stay with regard to the homestead property in the case that has been dismissed.

MR. ANASTASIO: Yes.

THE COURT: So now, and you started to say by suggesting that you would agree to continued relief from stay, maybe that's not possible, but I had already granted relief from stay. Why would I not do that again?

MR. ANASTASIO: Yes, you would. But we still need a forum to litigate the issue about the interest that may impact on the debtor's estate.

THE COURT: And wouldn't that be something the trustee would be doing? Why would the debtor care at that point, is there any chance of a --

MR. ANASTASIO: There may be a chance of a workout in this case if we have that adversary proceeding pending, and we may possibly be able to engage in more fruitful settlement discussions to get that resolved and get things restructured in terms of the house. In terms of the investment properties, those we're not concerned with at this point particular point in time. But in terms of his residence, we are concerned about that.

THE COURT: So what you're telling me is, you want to rethink the deal that you struck with the secured creditor during the case.

MR. ANASTASIO: No. All we agreed to is from relief from the stay. That still leaves open any issues concerning the transaction.

THE COURT: Mr. Merrill, do you have anything to add?

MR. MERRILL: Indeed, Your Honor. The order that we're talking about that granted relief from stay is docket entry 55, and in fact, there's quite a bit that was illuminated in terms of what the deal was, and Spirit Investments, in fact, you may recall, this is the deal where my client paid $10,000 to St. Jude's Hospital as part of a settlement, you know, we were trying to get a resolution. They, in fact, did that.

Mr. Sammarone was supposed to have released -- well, we got relief from stay from four properties, including this fourth property, which by the way, Judge, we dispute that it is this debtor's homestead. We believe that he's a resident of New York and was at all times for this particular filing.

But at the end of the day, if we didn't litigate that piece, the settlement was that he was to

remove himself from the property in the final paragraph of the -- it's actually paragraph -- it's page 3 of the order as I'm looking at it, but he was supposed to have vacated that property by December 31st, 2009, and leaving it in broom clean condition. I'm actually reading your order. And that was the deal that was struck. He did not comply with that. He is still there.

I would also point out, Judge, that the claim that they allege that they hold, there's a lot of problems with this, it's not disclosed anywhere on their schedules that were filed in their 2009 filing.

So you know, I think if there is a claim, in fact, it is entirely the trustee's, and they've got no basis for being able to litigate it in a subsequent case because it still belongs to the '09 case.

Which another problem that I've got with all of this, is that this is not -- this is going to be a fourth bankruptcy ultimately. The first two were filed in '02 back to back, one in August, one in December of '02, and now we've got the '09 filing that was pending within the past year. This will be a second case pending in a year.

Whether the Court reduces the prejudice period or doesn't, candidly, Judge, I don't think that

they're going to be entitled to a stay for a multitude of reasons. One, I don't think they're traveling forward with clean hands, which I'm reminded of Judge Olson's opinion that's in Re Skulnik (phonetic), where Judge Olson essentially said, you know, if you're coming into this court trying to shorten your prejudice period, you know, that's an equitable relief and you better come with clean hands. I don't think they have it here.

They haven't complied with what the agreement was that the Court signed off on. They're coming in as a serial filer. And if I understand it correctly, they're coming in as a Chapter 7, there's no hope of reorganizing anything in this case, and why on earth would we want to slow down our July 28th foreclosure sale date.

And candidly, whatever the Court elects to do, we're amenable to, so long as there's language in the order that we can show to a clerk that specifically says that there is no automatic stay that prohibits that sale on the 28th.

We believe for equitable reasons that it shouldn't be stopped. We believe that under 362 of the serial filing rules that it shouldn't be stopped. And frankly, we just don't think that this relief

should be granted.

MR. ANASTASIO: Briefly, Judge, in terms of unclean hands, he resided there for awhile. We had moved to extend the time. That was denied by the Court. They have, in fact, changed the locks on the home. So in terms of residing there at the moment and continuing to reside, that's not true, because they changed the locks on it. So that's in terms of unclean hands.

In terms of references to cases eight years ago, I wouldn't consider that within the sequence or within the ambit of considerations for serial filing.

We're just trying to essentially continue the third bankruptcy that is now occurring eight years after those other two, and just get it straightened out. So it's not a matter of serial filing, just a delay one way or another.

THE COURT: Is there someone else who wants to make an appearance? You should use the microphone.

MR. SMITH: Judge, my name is Raymond Smith, and I'm the principal at Spirit Investments, and we were joined also by a Mr. Tony Collins.

Our total mortgages on this properties come to $550,000 principal. That's how much money we

loaned this gentleman. We have not had a payment in three years.

THE COURT: I understand. I'm familiar with the underlying motions, and Mr. Merrill is representing you, correct? He's doing a good job. You should have a seat.

THE COURT: All right. I'm going to deny the motion to reopen the case. I do not think that there's cause to reopen this case. The case was dismissed twice, first in January and second in February of this year. There's absolutely no good reason stated why months and months have gone by before the motion to reopen was filed. The motion to shorten prejudice period will be denied as moot since I'm not reopening the case.

MR. ANASTASIO: Thank you, Judge.

THE COURT: Thank you, gentlemen.

(The proceedings were concluded.)

C E R T I F I C A T E

The State of Florida )
County of Palm Beach )

I, JACQUELYN ANN JONES, Court Reporter, certify that I was authorized to and did stenographically report the foregoing hearing; and that the transcript is a true record of my stenographic notes.

I further certify that I am not a relative, employee, attorney or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorney or counsel connected with the action, nor am I financially interested in the action.

In witness whereof I have hereunto set my hand and seal this 22nd day of September, 2010.

JACQUELYN JONES
Commission DD 846540
Expires Feb 18, 2013